# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KERMITT JOE BERNHART (#583245)**  **CIVIL ACTION NO.**

**VERSUS**  **23-451-BAJ-EWD**

**TIM HOOPER**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 27, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KERMITT JOE BERNHART (#583245)**             **CIVIL ACTION NO.**

**VERSUS**                                                                   **23-451-BAJ-EWD**

**TIM HOOPER**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Complaint of Plaintiff Kermitt Joe Bernhart ("Bernhart"), who is representing himself and who is confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana.[1] It is recommended that Bernhart's claims be dismissed with prejudice as frivolous and fanciful under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Bernhart filed this suit on or about June 8, 2023 against Tim Hooper under 42 U.S.C. § 1983 alleging Hooper violated his constitutional rights.[2] Bernhart seeks declaratory, monetary, and injunctive relief.[3]

This Court is authorized to dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[4] Dismissal of any claim that does not pass screening may be made before service of

---

[1] R. Doc. 1. Documents in the suit record are referred to as "R. Doc. __."

[2] R. Doc. 1. The prison mailbox rule, which generally applies to the court filing of documents by Louisiana inmates representing themselves, provides that an inmate's pleadings are considered filed on the date they are presented to prison officials or placed into the prison mailing system for transmission to the court, not on the date that they are ultimately received or docketed by the court. *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995); *Vicks v. Griffin*, 07-5471, 2008 WL 553186, at *3 (E.D. La. Feb. 28, 2008). Here, Bernhart's Complaint is dated June 8, 2023 (R. Doc. 1, p. 6), but was not filed until June 12, 2023.

[3] R. Doc. 1, p. 5.

[4] 28 U.S.C. §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"). 28 U.S.C. §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff. Bernhart was given permission to proceed IFP on September 22, 2023, so both statutes apply. R. Doc. 4.

process or before any defendant has answered. The screening process gives the court the ability early in the case to separate those claims that may have merit from those that lack a basis in fact or in law. Gaines has sued government officials and prison employees, so his claims are subject to the screening process.

A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[5] The law gives judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[6] A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[7]

Bernhart alleges he is the "world's #1 biggest celebrity," that he was born the "2nd son of god," and that his "3rd eye is the 3rd all seeing eye on the U.S. Currency which makes [him] the royal king…."[8] He also alleges that Hooper "teamed up" with the "anti-Christ" and is stealing Bernhart's money and mail and refusing prison visits and other privileges to Bernhart for the "anti-Christ."[9] Bernhart also alleges that Hooper employed "clones" of the "anti-Christ" as correctional officers.[10] These claims are not based in reality and are wholly frivolous, making them subject to dismissal.[11]

---

[5] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[6] *Denton,* 504 U.S. at 32.
[7] *Denton,* 504 U.S. at 33 (1992), citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[8] R. Doc. 1, p. 4.
[9] R. Doc. 1, p. 4.
[10] R. Doc. 1, p. 4.
[11] *See Delgadillo v. Texas Violent Gang Task Force*, 134 Fed.Appx. 741 (5th 2005) (affirming dismissal of a complaint as frivolous that alleged the plaintiff was being harmed by "electro convulsive treatments, laser rays, and other forms of radiation through computer monitoring."). Although claims of mail interference and the like could have merit, because the basis for these claims is so fanciful, the claims themselves are unbelievable and not plausible. To the extent that Bernhart seeks to bring claims of interference with mail and visitation that are unrelated to the allegations that Hooper is engaging in these activities in concert with the anti-Christ, Bernhart should do so in a separate suit.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that all claims of Plaintiff Kermitt Bernhart in this case be **DISMISSED WITH PREJUDICE** as fanciful and frivolous based on screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A,[12] and that this case be **CLOSED**.

Signed in Baton Rouge, Louisiana, on September 27, 2024.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] Berhart is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling will count as a strike.